# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> VIOLET LYNN EAGLEMAN, <br><br> Defendant. | CR-16-41-GF-BMM <br><br> **MEMORANDUM AND ORDER** |

Defendant Violet Eagleman (Eagleman) has moved for judgment of acquittal with respect to her conviction on Count II of the Indictment. The Government opposes the motion. The Court conducted a hearing on the motion on February 9, 2017.

## BACKGROUND

Count II of the Indictment charged Eagleman with illegally structuring currency transactions to avoid currency reporting requirements, in violation of 31 U.S.C. § 5324(a)(3). The Indictment alleged that Eagleman committed the offense of structuring by cashing four checks in the amount of $9,000 at Leon's Buy and Sell check cashing business in Havre, Montana, with the intent to evade the reporting requirements of 31 U.S.C. § 5313(a).

Eagleman made an oral motion for judgment of acquittal under Fed. R. Crim. 29 at the close of the Government's case. Eagleman argued that she could not be convicted of Structuring because the Government had failed to prove that she possessed, or had access to, more than $10,000 when she cashed the checks at Leon's Buy and Sell. The Court denied the motion. The jury convicted Eagleman of Structuring. Eagleman has renewed her motion for judgment of acquittal under Fed. R. Crim. P. 29(c)(1).

## DISCUSSION

### a. Applicable Standard

Rule 29 authorizes a court to set aside a guilty verdict and enter an acquittal if the evidence introduced at trial was insufficient to sustain a conviction. Fed. R. Crim. P. 29(a); *United States v. Shetler*, 665 F.3d 1150, 1163 (9th Cir. 2011). The Court must review the evidence in a light most favorable to the Government. *United States v. Ching Tang Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006). A Rule 29 motion must be denied if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010).

### b. <u>Structuring</u>

Section 5313(a) of Title 31 and its implementing regulations require that every domestic financial institution that engages in a currency transaction of more than $10,000 must file a Currency Transaction Report with the Internal Revenue Service. *See* 31 C.F.R. § 103.22(b)(1). Section 5324(a) of Title 31 prohibits a person from structuring a currency transaction for the purpose of evading this currency reporting requirement. 31 U.S.C. § 5324(a).

To convict a defendant of structuring currency transactions to avoid currency reporting requirements the Government must prove the following elements: (1) the defendant knowingly structured a currency transaction at a domestic financial institution; (2) the defendant did so with knowledge that the financial institution involved was legally obligated to report currency transactions in excess of $10,000; and (3) the defendant acted with intent to evade this reporting requirement. *United States v. MacPherson*, 424 F.3d 183, 189 (2nd Cir. 2005); *United States v. Trading Post of Pasco, Inc.*, 348 Fed. Appx. 315, 316 (9th Cir. 2009) (unpublished).

Eagleman argues that her conviction for structuring should be set aside because illegal structuring can occur only if it is shown that she possessed, or had access to, more than $10,000 at any one time, and the Government did not prove

that she possessed, or had access to, more than $10,000 when she cashed the $9,000 checks at Leon's Buy and Sell. (Doc. 64 at 13-14).

The Government was not required to prove that a defendant possesses, or has access to, more than $10,000 at any one time. *See United States v. Sperraza*, 804 F.3d 1113, 1125 (11th Cir. 2015); *United States v. Van Allen*, 524 F.3d 814, 820-821 (7th Cir. 2008) (holding that government is not required to prove a single "unitary cash hoard"); *United States v. Sweeny*, 611 F.3d 459, 472-473 (8th Cir. 2010). In *Sperraza*, the Court stated:

> In sum, we hold the Government may properly charge a defendant with structuring a transaction in violation of § 5324(a)(3) by alleging he engaged in a series of currency transactions under $10,000 for the purpose of evading the reporting requirement. *The statute does not require the Government to show the defendant had in hand at one time $10,000 or more of the funds he allegedly structured.* The allegations in the Indictment of Sperrazza are sufficient, therefore, to charge him with structuring a transaction in violation of § 5324(a)(3).

*Sperraza*, 804 F.3d at 1125 (emphasis added).

The applicable federal regulation, 31 C.F.R. § 1010.100(xx), confirms what the case law says. The crime of Structuring includes the structuring of any currency transactions with the intent to avoid the filing of a Currency Transaction Report, even if the cash hoard is less than $10,000.

> [A] person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, *in any manner*, for the purpose of evading the reporting requirements . . . . "In any manner" includes, but is not limited to, breaking down a single sum of currency exceeding $10,000 into smaller sums, including sums at or below $10,000, *or the conduct of a transaction, or series of currency transactions at or below $10,000*. The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring within the meaning of this definition.

31 C.F.R. § 1010.100(xx) (emphasis added). Structuring therefore can occur if a defendant has more than $10,000 in her possession at any one point in time, but it also can occur if a defendant structures payments of less than $10,000 of available cash in order to avoid the currency transaction reporting requirements.

The Government presented evidence at trial that Eagleman and her husband owed a significant tax debt to the Internal Revenue Service (IRS) in 2013. The IRS was attempting to collect the tax debt through tax liens and other means. Eagleman had money invested in an IRA account at D.A. Davidson. Eagleman knew that domestic financial institutions were required to report currency transactions in excess of $10,000. Eagleman directed D.A. Davidson to issue her checks in the amount of $9,000 on April 23, 2013, May 16, 2013, May 23, 2013, and May 31, 2013. Eagleman then cashed the $9,000 checks at Leon's Buy and

5

Sell pawn shop in Havre, on separate days. Eagleman knew that Leon's Buy and Sell business had a legal obligation to report currency transactions in excess of $10,000. The evidence presented by the Government was sufficient to prove that Eagleman was guilty of Structuring beyond a reasonable doubt.

## **ORDER**

Defendant's Renewed Motion for Judgment of Acquittal (Doc. 63) is DENIED.

DATED this 14th day of February, 2017.

_/s/ Brian Morris_
Brian Morris
United States District Court Judge